Roger N. Behle, Jr., SBN 174755
Muhammed T. Hussain, SBN 259234
FOLEY BEZEK BEHLE & CURTIS, LLP
575 Anton Boulevard, Suite 710
Costa Mesa, California 92626
Telephone: (714) 556-1700
Facsimile:  (714) 546-5005
Email: rbehle@foleybezek.com
        mhussain@foleybezek.com

Attorneys for Plaintiff
BOSTON ICED TEA COMPANY, INC.

## IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOSTON ICED TEA COMPANY, INC., a Delaware corporation, Plaintiff, vs. BBK PICTURES, INC., a Pennsylvania corporation, Defendant. | Case No.: **COMPLAINT [15 U.S.C. § 1071(b)]; DEMAND FOR JURY TRIAL** |

Plaintiff Boston Iced Tea Company, Inc. (hereinafter "Plaintiff" or "BITCO"), by and through undersigned counsel, hereby files this Complaint against Defendant BBK Pictures, Inc. (hereinafter "Defendant" or "BBK") and states as follows:

## THE PARTIES

1.      Plaintiff Boston Iced Tea Company, Inc. is a Delaware corporation, with its principal place of business located at 924-A Chapala Avenue, Santa Barbara, California, 93101.

1

**COMPLAINT**

2.    Upon information and belief, Defendant BBK Pictures, Inc. is a Pennsylvania corporation, with its principal place of business located at 404 North 19th Street, Philadelphia, Pennsylvania 19130.

### JURISDICTION AND VENUE

3.    This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1071(b)(l), which provides that a party dissatisfied with a final decision of the United States Trademark Trial and Appeal Board may institute a new civil proceeding challenging such decision.

4.    This Court also has subject matter jurisdiction pursuant to 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331, 1338, and 1367, and declaratory judgment pursuant to 28 U.S.C. §2201.

5.    Personal jurisdiction exists over Defendant because it has engaged in activities within the State of California that have resulted in harm to Plaintiff that is the subject of the current dispute.

6.    Venue is proper within this judicial district under 28 U.S.C. § 1391(b).

### NATURE OF THE ACTION

7.    This Action seeks *de novo* review, pursuant to 15 U.S.C. § 1071(b), of an administrative decision by the Trademark Trial and Appeal Board of the United States Patent and Trademark Office (the "TTAB") in a trademark opposition proceeding brought by BBK entitled *BBK Pictures, Inc.* v. *Boston Iced Tea Company, Inc.*, Opposition No. 91214191 (hereinafter the "Opposition") and the consolidated cancellation proceeding brought by BITCO entitled *Boston Iced Tea Company, Inc. v. BBK Pictures, Inc.*, Cancellation No.92061664 (hereinafter the "Cancellation Proceeding"). By Decision dated July 20, 2017, the TTAB sustained BBK's Opposition and dismissed BITCO's Cancellation Proceeding. A true and accurate copy of the TTAB Decision dated July 20, 2017 is attached hereto as **Exhibit A**.

8.     BBK's Opposition was based on Section 2(d) of the Lanham Act, 15 U.S.C. § 1052(d), and asserted that BITCO's mark "MAGUIRE'S BOSTON ICED TEA," Serial No. 85884091 (hereinafter the "BITCO Mark") infringed upon BBK's "BOSTON TEA" mark, Serial No. 85237182/Reg No. 4703971 (hereinafter the "BBK Mark").

9.     BITCO's Cancellation Action was based, in part, on Section 1 of the Lanham Act, (15 U.S.C. § 1051), and alleged that BBK was not the owner of the BBK Mark as of the application filing date, February 8, 2011. 15 U.S.C. § 1051(b).

10.    BITCO's Cancellation further alleged that BBK was not the entity with a bona fide intention to use the BBK Mark in commerce at the time the application was filed, and thus, the application is void. Trademark Manual of Examining Procedure ("TMEP") §1201.

11.    The Cancellation Proceeding also alleged that BBK committed fraud against the USPTO by knowingly making false, material representations of facts in connection with its Application, representing to the USPTO that it had used the mark in commerce on all goods and services in the Statement of Use filed March 13, 2014, when in fact it has not sold any of the goods listed in its application.

12.    The Cancellation Proceeding also alleged that the BBK Mark was primarily geographically deceptively misdescriptive.

13.    BITCO seeks an Order of this Court: (1) Reversing the TTAB Decision, which sustained the Opposition and dismissed the Cancellation Action.

## BACKGROUND FACTS

14.    BBK filed the BBK Mark application with the United States Patent and Trademark Office ("USPTO") on February 8, 2011 to register the BBK Mark with intent to use in connection with "tea-based beverages with fruit flavoring; tea; tea-based beverages" in International Class 030, and "concentrated fruit juice; concentrates for making fruit juices; fruit drinks and fruit juices; fruit drinks and juices; fruit juices; fruit juice bases; fruit juice concentrates; herbal juices; mixed

fruit juice; non-alcoholic beverages containing fruit juices; non-alcoholic fruit juice beverages; non-alcoholic beverages with tea flavor" in International Class 032. The application listed BBK as the owner of the BBK Mark. The USPTO published the BBK Mark for opposition on December 20, 2011, with the deadline to oppose expiring on January 19, 2012.

15.     The application for the BBK Mark was abandoned for failure to file a statement of use or extension; however, a petition to revive the application was filed and the application was revived on September 07, 2012.

16.     BBK claims first use of the BBK Mark in commerce occurred on March 14, 2014. BBK filed its Statement of Use on March 24, 2014, claiming use in commerce of all goods listed in the application, and the BBK Mark proceeded to registration on March 17, 2015.

17.     BITCO filed a trademark application for the BITCO Mark with the USPTO on March 22, 2013 to register said mark with intent to use in connection with "beverages made of tea; beverages with a tea base; iced tea; tea; tea-based beverages," all in International Class 030. The examining attorney at the USPTO determined this mark to be entitled to registration, and published the mark for opposition on August 27, 2013.

18.     On December 24, 2013, BBK filed the Opposition and, following a telephone conference with the Interlocutory Attorney the parties elected to an accelerated case resolution (ACR) procedure. The Board initially issued a schedule with the following dates: Answer due on February 2, 2014, Discovery to close on August 31, 2014, Plaintiff's 30-day trial period to end on November 29, 2014, Defendant's 30-day trial period to end on January 28, 2015, and Plaintiff's rebuttal period to end on March 14, 2015.

19.     However, BBK failed to keep with the existing expedited schedule. For example, BBK repeatedly failed to appear for deposition – the most recent instance of which BBK cancelled the morning of the deposition, further the

**COMPLAINT**

delaying the timely processing of the case. BBK requested an initial extension, which was reluctantly granted by the Board. When BBK continued to delay and failed to appear for deposition, BBK requested a second continuance of dates. The Board again gave BBK more time, resetting the dates as follows: Plaintiff's Main Brief due on February 15, 2015, Defendant's Response Brief due on March 17, 2015, and Plaintiff's reply brief due on April 1, 2015.

20.     On March 17, 2015, while the Opposition was still proceeding, the BBK Mark proceeded to registration.

21.     BITCO filed its Cancellation Proceeding on June 2, 2015. The actions were consolidated on November 30, 2015.

22.     On July 20, 2017, the TTAB sustained BBK's Opposition and dismissed BITCO's Cancellation Proceeding.

## FIRST CLAIM FOR RELIEF

### (Reversal of TTAB Decision Under 15 U.S.C. § 1071(b))

23.     BITCO re-alleges and incorporates by reference the allegations above.

24.     There are numerous reasons for the cancellation of BBK Mark and the registration of the BITCO Mark, and many of these reasons are based on BBK's own admissions. The following are the reasons for cancellation of BBK Mark and the registration of the BITCO Mark:

    a.  BBK is not the rightful owner of the BBK Mark. BBK has never sold any of the products listed in its application, despite having represented to the USPTO in its Statement of Use that *all* such products had been sold under the BBK Mark. Further, to the extent products are being sold, they are being sold by an entirely different entity, 1300 North 9th Street LLC. BBK has not entered into any written agreements with that other entity, including license agreements. Further, the nature and quality of the goods allegedly being sold are being controlled by a completely different entity. BBK

has no authority or means of controlling any such goods allegedly being sold under its claimed BBK Mark. Among other reasons, BBK's application was and is void because it was not filed by the person or entity that purportedly owns the Mark and sells the subject products.

b. BBK committed fraud on the USPTO. BBK knowingly made false, material representations of facts in connection with its BBK Mark application by representing to the USPTO that it has used the mark in commerce on all goods and services in the Statement of Use filed March 13, 2014, when in fact it has not sold any of the goods listed in the application. BBK made the representation with the intention that the USPTO would rely on this representation in registering the BBK Mark on the Principal Register. If fraud can be shown in the procurement of a registration, the entire resulting registration is void.

c. The BBK Mark is primarily geographically deceptively misdescriptive. BBK's products and ingredients do not originate from nor are they affiliated with the City of Boston, Massachusetts. The products are not even sold in the Boston area, but rather (and to the extent there are even any sales) are alleged to be sold in New Jersey and Philadelphia.

d. BBK finally asserted its registration (for the first time in the Opposition proceeding) in its Reply Brief, filed on April 1, 2015, As a result of having relied upon its registration for the first time in the Opposition, BBK is barred under the express language of TBMP 313.04 from challenging BITCO's Petition: "A plaintiff may not, by failing to plead a registration on which it intends to rely, deprive a defendant of its right to petition to cancel the registration, either by counterclaim *or by separate petition*, *at such time as opposer seeks*

1       *to rely upon the registration.*" TBMP 313.04 (emphasis added);

2       *see,* 37 CFR § 2.106(b)(2)(i) and 37 CFR § 2.114(b)(2)(i). It is

3       patently unjust to bar BITCO from pursuing its valid Petition because

4       BBK decided to make the registration part of the Opposition in its

5       Reply Brief on April 1, 2015.

6          25.    BITCO believes that it will be damaged if the BBK Mark is allowed

7   to remain registered on the Principal Register and BITCO prays that Trademark

8   Registration No. 4703971 be canceled immediately. The interests of justice require

9   allowing BITCO to cancel the subject registration. Further, in the interest of justice,

10  BITCO's Mark should be allowed to proceed to registration. BITCO requests an

11  Order of this Court reversing the TTAB Decision, which sustained the Opposition

12  and dismissed the Cancellation Proceeding.

13                           **PRAYER FOR RELIEF**

14      WHEREFORE, Plaintiff requests this Court to enter judgment:

15         1.    Reversing the TTAB Decision dated July 20, 2017, which dismisses

16  BITCO's Opposition.

17         2.    Sustaining BITCO's Opposition as to BBK's Mark application with

18  the U.S. Patent and Trademark Office.

19         3.    Ordering that BITCO be awarded reasonable attorneys' fees and costs.

20         4.    Ordering that BITCO have such other and further relief as the Court

21  may deem equitable and proper.

22

23  DATED:  September 15, 2017 **FOLEY, BEZEK, BEHLE & CURTIS, LLP**

24

25

26                      By:    /s/ Roger N. Behle, Jr._____

27                           ROGER N. BEHLE, JR.

                           Attorneys for Plaintiff

28

**COMPLAINT**

1

## DEMAND FOR JURY TRIAL

2

Pursuant to Federal Rule of Civil Procedure 38(b) and Local Rule 3.4.10.1,

3

Plaintiff hereby demands a jury trial in this matter.

4

5

DATED:   September 15, 2017  **FOLEY, BEZEK, BEHLE & CURTIS, LLP**

6

7

8

By:   /s/ Roger N. Behle, Jr._____

9

ROGER N. BEHLE, JR.
Attorneys for Plaintiff

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**COMPLAINT**